United States District Court
District of Massachusetts

|   |   |   |
|---|---|---|
| AMERICAN FREEDOM DEFENSE INITIATIVE, PAMELA GELLER and ROBERT SPENCER, | ) ) ) ) ) |   |
| Plaintiffs, | ) ) | Civil Action No. |
| v. | ) ) | 14-10292-NMG |
| MASSACHUSETTS BAY TRANSPORTATION AUTHORITY and BEVERLY SCOTT, | ) ) ) ) |   |
| Defendants. | ) ) |   |

## MEMORANDUM & ORDER

**GORTON, J.**

This case involves an as-applied First Amendment challenge to advertising program guidelines promulgated by defendant Massachusetts Bay Transportation Authority ("MBTA"). Plaintiffs American Freedom Defense Initiative ("AFDI"), Pamela Geller and Robert Spencer (collectively "plaintiffs") seek to display the following advertisement in advertising spaces owned by the MBTA:

**IN ANY WAR BETWEEN THE CIVILIZED MAN AND THE SAVAGE, SUPPORT THE CIVILIZED MAN**
DEFEAT VIOLENT JIHAD
SUPPORT ISRAEL

(hereinafter "the Third Advertisement"). The MBTA rejected the Third Advertisement in January, 2014, finding that an average rider of the MBTA would perceive it as demeaning or disparaging to an individual or group in violation of the MBTA's advertising

guidelines.  Plaintiffs have filed suit against the MBTA and its General Manager, Beverly Scott ("Scott") (collectively "MBTA" or "defendants"), and seek a preliminary injunction requiring the MBTA to display their advertisement immediately.

I. **Background**

This case is the sequel to an earlier case pending before this Session, American Freedom Defense Initiative v. Massachusetts Bay Transportation Authority, No. 13-12803, 2013 WL 6814793 (D. Mass. Dec. 20, 2013), appeal docketed, No. 14-1018 (1st Cir. Jan. 6, 2014) ("AFDI I"), which arose after the MBTA rejected a somewhat different advertisement ("the First Advertisement") submitted by these same plaintiffs.  The First Advertisement states

**IN ANY WAR
BETWEEN THE
CIVILIZED MAN
AND THE SAVAGE,
SUPPORT THE
CIVILIZED MAN**
SUPPORT ISRAEL
DEFEAT JIHAD

According to plaintiffs, the slogan "In any war between the civilized man and the savage, support the civilized man" is a paraphrase of a famous quotation by the author Ayn Rand.

The MBTA rejected the First Advertisement on the grounds that it would demean and disparage a group of individuals, namely Muslims or Palestinians, and therefore would violate the

MBTA's Advertising Program Guidelines ("the Guidelines"). The provision at issue, section b(i) of the Guidelines, states

> <u>Demeaning or disparaging</u>. The advertisement contains material that demeans or disparages an individual or group of individuals. For the purposes of determining whether an advertisement contains such material, the MBTA will determine whether a reasonably prudent person, knowledgeable of the MBTA's ridership and using prevailing community standards, would believe that the advertisement contains material that ridicules or mocks, is abusive or hostile to, or debases the dignity and stature of, an individual or group of individuals.

In December, 2013, this Court declined to enter a preliminary injunction to require the MBTA to display the First Advertisement, applying the standard for restrictions on speech in non-public fora articulated in <u>Ridley</u> v. <u>Massachusetts Bay Transportation Authority</u>, 390 F.3d 65 (1st Cir. 2004). It concluded that plaintiffs had not established that they were likely to succeed on their claim that the MBTA's decision was unreasonable or that it discriminated on the basis of viewpoint. Plaintiffs' appeal of that decision is pending before the United States Court of Appeals for the First Circuit.

In January, 2014, plaintiffs submitted a modified version of the advertisement ("the Second Advertisement") which states

**IN ANY WAR BETWEEN THE CIVILIZED MAN AND THOSE ENGAGED IN SAVAGE ACTS,
SUPPORT THE CIVILIZED MAN**
DEFEAT VIOLENT JIHAD
SUPPORT ISRAEL

The MBTA reviewed the Second Advertisement and determined that it satisfied the Guidelines and the ruling in AFDI I. Scott Goldsmith ("Goldsmith"), a representative of the MBTA's advertising contractor, Titan Outdoor LLC ("Titan"), notified plaintiffs on January 7, 2014 that their advertisement had been accepted and asked them to provide specifications.

Instead of providing specifications, plaintiff Pamela Geller ("Geller") sent Goldsmith an email the following day proposing a "tweak" of the Second Advertisement. She attached the Third Advertisement as quoted and displayed on page 1 above. The MBTA reviewed the Third Advertisement and determined that, like the First Advertisement, it was "demeaning or disparaging" in violation of section b(i) of the Guidelines. On January 17, 2014, Goldsmith emailed plaintiffs' attorney to inform him that the advertisement had been rejected. Plaintiffs' attorney requested that the MBTA issue a "formal determination" that the Third Advertisement violated the Guidelines.

The formal determination was conveyed in a letter from the MBTA's General Counsel Paige Scott Reed ("Reed") dated January 29, 2014. In her letter, Reed explained that

> The third ad is very similar to the rejected ad that was the subject of the preliminary injunction hearing. The third ad reverses the order of the two lines below "civilized man" and adds the word "violent" between "Defeat" and "Jihad." The MBTA undertook a review of the third ad and concluded it was not in compliance with section (b)(i) of the MBTA's Advertising

> Standards. The MBTA's conclusion was based on the
> same considerations as its rejection of the first ad.
> On January 17, 2014, Mr. Goldsmith so informed you by
> email. You responded by requesting this Formal
> Determination.
>
> The MBTA remains willing to display the second ad if
> AFDI so requests.

Plaintiffs filed the instant lawsuit on February 7, 2014, and moved for a preliminary injunction shortly thereafter that would require the MBTA to display the Third Advertisement.

## II. **Plaintiffs' motion for a preliminary injunction**

### A. **Legal standard**

In order to obtain a preliminary injunction, the moving party must establish

> that [it] is likely to succeed on the merits, that
> [it] is likely to suffer irreparable harm in the
> absence of preliminary relief, that the balance of
> equities tips in [its] favor, and that an injunction
> is in the public interest.

Voices of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 (2008)).

Where, as here, a party contends that a restriction on speech violates the First Amendment, "the likelihood of success on the merits is the linchpin of the preliminary injunction analysis." Sindicato Puertorriqueño de Trabajadores v. Fortuño, 699 F.3d 1, 10 (1st Cir. 2012). To that end, plaintiffs must establish a "strong likelihood" that they will ultimately

-5-

prevail to be entitled to injunctive relief. Id.  The likelihood of success is also crucial because irreparable harm is presumed if the court finds it likely that the moving party's First Amendment rights were violated. Id. at 10-11 (explaining that the "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury" (quoting Elrod v. Burns, 427 U.S. 327, 373 (1976)).

The Court has discretion, however, to deny equitable relief to a party that has acted in bad faith or with unclean hands. See Texaco P.R., Inc. v. Dep't of Consumer Affairs, 60 F.3d 867, 880 (1st Cir. 1995).  The doctrine of unclean hands applies only when the plaintiff's misconduct is "directly related to the merits of the controversy between the parties." Id.  Moreover, the misconduct need not be punishable as a crime or give rise to a civil claim so long as it can be said to "transgress equitable standards of conduct". Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 815 (1945).

**B. Application**

The Court will deny the motion for a preliminary injunction, without a hearing, on the grounds previously set out in its opinion in AFDI I.  Plaintiffs have not made the requisite "strong showing" that the MBTA acted unreasonably in rejecting an advertisement that was very similar to an advertisement it had previously found to be demeaning and

disparaging in violation of its advertising Guidelines. See Sindicato Puertorriqueño, 699 F.3d at 10.

Furthermore, the Court declines to enter injunctive relief in any event. Plaintiffs acted in bad faith in submitting the Second Advertisement to the MBTA, waiting for that advertisement to be accepted and then using that acceptance as an excuse to file a second lawsuit against the MBTA rather than accepting its compromise offer to display the Second Advertisement. Such blatant gamesmanship and deliberate confrontation does not warrant the "extraordinary and drastic remedy" of ordering the MBTA to display the Third Advertisement. See Voices of the Arab World, 645 F.3d at 32; Texaco P.R., Inc., 60 F.3d at 880. Plaintiffs are entitled to display the Second Advertisement which the MBTA has already found to comply with its Guidelines.

## ORDER

Accordingly, plaintiffs' motion for a preliminary injunction (Docket No. 8) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 17, 2014